# EXHIBIT 1

Case3:15-cr-00376-MMC   Document2-1   Filed07/21/15   Page1 of 12

# United States District Court

FOR THE
**NORTHERN DISTRICT OF CALIFORNIA**

VENUE: SAN FRANCISCO

FILED
2015 JUL 21 A 11: 53
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

V.

HENRY LO

MMC

CR 15 376

DEFENDANT(S).

## INDICTMENT

Title 18 U.S.C. § 401(3) - Contempt of Court;
Title 18 U.S.C. § 1344(2) - Bank Fraud;
Title 18 U.S.C. § 1028A(a)(1) - Aggravated Identity Theft; 18 U.S.C. § 1957 -
Engaging in Monetary Transactions in Property Derived from Specified Unlawful
Activity; Title 18 U.S.C. § 982(a)(1) and 982(a)(2) - Criminal Forfeiture

A true bill.

_____
Foreman

Filed in open court this __21st__ day of
__July 2015__.

MARIA-ELENA JAMES
UNITED STATES MAGISTRATE JUDGE

7-21-15

Clerk ROSE MAHER

**NO BAIL ARREST WARRANT**

AO 257 (Rev. 6/78)

| **DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT** |

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT
☐ SUPERSEDING

---— **OFFENSE CHARGED** ———

Cts 1 & 11 - 18 U.S.C. § 401(3) - Contempt of Court;
Cts 2-9 - 18 U.S.C. § 1344 - Bank Fraud;
Ct 10 - 18 U.S.C. § 1028A(a)(1) -- Aggravated Identity Theft;
Cts 12-13 - 18 U.S.C. § 1957 - Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity
18 U.S.C. § 982(a)(1) and 982(a)(2) - Criminal Forfeiture

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY:  See Attachment

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

—— DEFENDANT - U.S ——
▶ HENRY LO

DISTRICT COURT NUMBER
CR 15 376

—— **PROCEEDING** ——

Name of Complaintant Agency, or Person (& Title, if any)
Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE
SHOW DOCKET NO.

☒ this prosecution relates to a pending case involving this same defendant
MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form  MELINDA HAAG
☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)  Kyle F. Waldinger

—— **DEFENDANT** ——

**IS *NOT* IN CUSTODY**
  Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge

5) ☒ On another conviction  } ☒ Federal  ☐ State

6) ☐ Awaiting trial on other charges
   If answer to (6) is "Yes", show name of institution

Has detainer  ☐ Yes   } If "Yes" give date filed
been filed?   ☐ No

DATE OF ARREST ▶  Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED ▶  Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

—— **ADDITIONAL INFORMATION OR COMMENTS** ——

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT   Bail Amount: no bail
If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:                          Before Judge:

Comments:

**United States v. Henry LO**

Penalty Sheet Attachment

Penalties:

Cts 1 & 11 – Penalties to be determined by Court, $100 special assessment

Cts 2-9 – 30 years' imprisonment, $1,000,000 fine (or twice the gross gain/loss, whichever is greater), five years' supervised release, $100 special assessment, restitution

Ct 10 – 2 year mandatory minimum consecutive imprisonment, $250,000 fine (or twice the gross gain/loss, whichever is greater), one year of supervised release, $100 special assessment, restitution

Cts 12-13 – 10 years' imprisonment, $250,000 fine (or twice the amount of criminally derived property involved in the transaction, whichever is greater), three years' supervised release, $100 special assessment, restitution

Forfeiture



1  MELINDA HAAG (CABN 132612)
   United States Attorney

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. **CR 15 376 MMC** |
| Plaintiff, | VIOLATIONS: 18 U.S.C. § 401(3) – Contempt of Court; 18 U.S.C. § 1344(2) – Bank Fraud; 18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft; 18 U.S.C. § 1957 – Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity; 18 U.S.C. § 982(a)(1) and 982(a)(2) – Criminal Forfeiture |
| v. | |
| HENRY LO, | |
| Defendant. | |
| | SAN FRANCISCO VENUE |

INDICTMENT

The Grand Jury charges:

INTRODUCTORY ALLEGATIONS

At all times relevant to this Indictment:

1. The defendant, Henry LO, was an individual who resided in the City and County of San Francisco in the Northern District of California.

2. Absolutely New, Inc. ("ANI") was a consumer goods company headquartered in San Francisco. A predecessor company of ANI was Inventors' Publishing & Research ("IP&R"). From in or about 2007 to in or about September 2010, LO was employed by ANI. For most of that period, LO was ANI's Chief Financial Officer.

3. In or about June 2012, LO and his wife, identified in this Indictment as J.H., purchased the parcel of real property identified as APN/Parcel ID Lot 015, Block 3070, in San Francisco,

INDICTMENT

California, commonly known as 55 San Fernando Way (hereafter "the San Fernando Way property"). As set forth on the grant deed filed with the San Francisco Assessor-Recorder, LO and J.H. took title to the property as "husband and wife, as community property with right of survivorship."

4. In October 2012, ANI's secured lender, Square 1 Bank, sued LO and ANI in the United States District Court for the Northern District of California. That case was captioned and numbered *Square 1 Bank v. Henry Lo et al.*, C 12-05595 JSC. Square 1 Bank's Complaint alleged various causes of action pertaining at least in part to LO's use of ANI funds for purposes other than ANI's business purposes or payments of ANI indebtedness. LO retained counsel to defend him in the lawsuit brought by Square 1 Bank. LO's counsel filed LO's initial answer to Square 1 Bank's Complaint on or about March 11, 2013.

5. On or about December 5, 2013, the parties in the *Square 1 Bank v. Henry Lo et al.* case appeared before the assigned judicial officer. LO was present at that hearing. During the hearing, the court stated that a "temporary protective order" regarding the disposition of LO's assets would be "enforced today" and that such order would stay "in place until further order of the Court."

6. On or about December 16, 2013, the court issued its written Temporary Protective Order in the *Square 1 Bank v. Henry Lo et al.* case. In relevant part, the Temporary Protective Order provided that, "[e]xcept to the extent necessary to pay Lo's ordinary and reasonable living expenses, Lo shall not transfer, directly or indirectly, any interest in the property described in Attachment A . . . ." The "Attachment A" referenced in the court's Temporary Protective Order listed, among other property, "[a]ll interests in real property except leasehold estates with unexpired terms of less than one year . . . ."

7. On or about August 15, 2014, LO executed an Interspousal Transfer Deed granting to his wife, J.H., the San Fernando Way property as her separate property. LO caused the Interspousal Transfer Deed to be filed with the San Francisco Assessor-Recorder on or about August 19, 2014.

8. On August 19, 2014, a grand jury in the Northern District of California returned an indictment ("2014 Indictment") charging LO with violations of the mail fraud, wire fraud, and unauthorized access device fraud statutes. The 2014 Indictment related in part to LO's alleged theft and embezzlement, or other alleged wrongful taking, of moneys from ANI and IP&R accounts. The 2014 Indictment also related in part to an alleged scheme by LO to defraud an individual, who was identified

INDICTMENT 2

in the 2014 Indictment as A.W.

9. LO appeared before a United States Magistrate Judge on September 5, 2014. At that appearance, LO was arraigned on the 2014 Indictment and released on an unsecured bond. Among other conditions, the court imposed the following condition of pretrial release: "Defendant shall not commit any federal, state, or local crime." This condition was listed on the bond form. LO signed the bond form, both as a defendant and as his own surety.

10. Character SF, LLC ("Character"), was a San Francisco-based branding and design agency. Character was privately held by four partners.

11. Character maintained a bank account at Bank of America numbered ending 5494. Bank of America was a financial institution, as that term is defined in Title 18, United States Code, Section 20, the deposits of which were insured by the Federal Deposit Insurance Corporation.

12. In or about May 2014, LO began working for Character as a contract Chief Financial Officer. LO continued in that position until in or about March 2015.

COUNT ONE: (18 U.S.C. § 401(3) – Contempt of Court)

13. The factual allegations in paragraphs 1 through 12 are re-alleged and incorporated herein as if set forth in full.

14. Beginning on or about August 15, 2014 and continuing through on or about August 19, 2014, in the Northern District of California, the defendant,

HENRY LO,

did willfully and knowingly disobey and resist a clear and definite lawful order, rule, decree, and command of a court of the United States of which LO was aware, specifically, a Temporary Protective Order issued by the United States District Court for the Northern District of California in civil case number C 12-05595 JSC in December 2013 specifically directing that LO not transfer any interest in real property until further order of the court, except to the extent necessary to pay LO's ordinary and reasonable living expenses and except for real property consisting of leasehold estates with unexpired terms of less than one year, in that LO transferred through an Interspousal Transfer Deed his interest in the San Fernando Way property to his wife, J.H.

All in violation of Title 18, United States Code, Section 401(3).

INDICTMENT 3

COUNTS TWO THROUGH NINE: (18 U.S.C. § 1344(2) – Bank Fraud)

15. The factual allegations in paragraphs 1 through 12 are re-alleged and incorporated herein as if set forth in full.

16. Beginning no later than in or about June 2014, and continuing to approximately March 2015, in the Northern District of California and elsewhere, the defendant,

HENRY LO,

did knowingly and with the intent to defraud devise and execute, and attempt to execute, a scheme and artifice to obtain moneys, funds, credits, assets, and other property belonging to Character and its owners that were then under the custody and control of Bank of America, by means of materially false and fraudulent pretenses, representations, and promises, and by concealment of material facts.

Manner and Means of the Scheme and Artifice to Defraud

17. LO represented to Character's owners that tax obligations owed to the U.S. Government should be paid through handwritten checks made payable to "ETF."

18. LO obtained at least six checks (numbered 5857, 5873, 5890, 6401, 6410, and 6470) from Character's Bank of America account numbered ending 5494 ("5494 Account"), which checks had been written by Character's owners made payable to "ETF." LO then altered those checks by changing the "F" in "ETF" to an "R" and adding the letters "ADE" after the altered "F." In this way, LO changed the named payee on the checks from "ETF" to "ETRADE."

19. In addition to altering checks previously written by Character's owners, LO also obtained at least one blank check (numbered 6441) and forged the signature of one of Character's owners – identified in this Indictment as B.P. – on that check. With respect to another check (numbered 6415), LO, at a minimum, failed to disclose to Character's partners that he was going to deposit those funds into his personal E-Trade account.

20. In or about June 2014, LO established an account at E-Trade in his name. That account was given a number ending 4544 ("4544 Account"). LO deposited the eight checks identified above and written on Character's 5494 Account into his 4544 Account at E-Trade.

21. LO used the funds that he had misappropriated from Character's 5494 Account to pay
///

INDICTMENT 4

some of his personal and business expenses, including the following:

    a) Private school tuition in San Francisco for LO's children;

    b) Payments on two different residential mortgages;

    c) Payments to LO's wife, J.H., totaling at least $100,000;

    d) Rent for office space used by LO in San Francisco;

    e) Payments to a company owned by LO, Solid Line Products; and

    f) Payment to LO's counsel in the *Square 1 Bank v. Henry Lo et al.* case.

Execution of the Scheme

22. On or about the dates set forth in the separate counts below, in the Northern District of California and elsewhere, for the purpose of executing the scheme and artifice referred to above, and attempting to do so, the defendant,

HENRY LO,

conducted the following financial transactions – which were postings of checks – in Character's 5494 Account at Bank of America:

| COUNT | POSTING DATE | FINANCIAL TRANSACTION |
| --- | --- | --- |
| 2 | 06/17/2014 | Check number 5857 in the amount of $131,434 |
| 3 | 07/07/2014 | Check number 5873 in the amount of $161,882 |
| 4 | 09/17/2014 | Check number 5890 in the amount of $165,174 |
| 5 | 10/20/2014 | Check number 6401 in the amount of $48,600 |
| 6 | 11/07/2014 | Check number 6410 in the amount of $98,500 |
| 7 | 11/14/2014 | Check number 6415 in the amount of $141,500 |
| 8 | 01/16/2015 | Check number 6441 in the amount of $150,125 |
| 9 | 03/02/2015 | Check number 6470 in the amount of $86,500 |

Each in violation of Title 18, United States Code, Section 1344(2).

COUNT TEN: (18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft)

23. The factual allegations in paragraphs 1 through 12 and paragraphs 16 through 22 are re-alleged and incorporated herein as if set forth in full.

24. On or about January 16, 2015, in the Northern District of California and elsewhere, the defendant,

HENRY LO,

did knowingly possess and use, without lawful authority, the means of identification of another person,

INDICTMENT    5

that is, the name and signature of the real individual B.P., who was one of the owners of Character, during and in relation to a felony violation of Title 18, United States Code, Section 1344(2), as described in Count Eight of this Indictment.

All in violation of Title 18, United States Code, Section 1028A(a)(1).

COUNT ELEVEN:   (18 U.S.C. § 401(3) – Contempt of Court)

25.    The factual allegations in paragraphs 1 through 12, paragraphs 16 through 22, and paragraph 24 are re-alleged and incorporated herein as if set forth in full.

26.    Beginning in or about September 2014 and continuing through on or about March 2, 2015, in the Northern District of California, the defendant,

HENRY LO,

did willfully and knowingly disobey and resist a clear and definite lawful order, rule, decree, and command of a court of the United States of which LO was aware, specifically, a condition of LO's pretrial release prohibiting LO from committing "any federal, state, or local crime," which condition was imposed by the United States District Court for the Northern District of California in criminal case number CR 14-00442 WHO, in that LO committed the crimes of bank fraud and aggravated identity theft, as alleged in Counts Four through Ten of this Indictment.

All in violation of Title 18, United States Code, Section 401(3).

COUNTS TWELVE AND THIRTEEN:    (18 U.S.C. § 1957) – Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity)

27.    The factual allegations in paragraphs 1 through 12 and paragraphs 16 through 22 are re-alleged and incorporated herein as if set forth in full.

28.    Among other transactions, on the dates set forth in the separate counts below, in the Northern District of California and elsewhere, the defendant,

HENRY LO,

did knowingly engage in a monetary transaction by and through a financial institution, in and affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is, checks cleared through LO's 4544 Account at E-Trade in the amounts set forth below, such funds having been

///

INDICTMENT                                                                    6

1  derived from the specified unlawful activity of bank fraud:

| COUNT | POSTING DATE | FINANCIAL TRANSACTION |
|---|---|---|
| 12 | 09/04/2014 | Check number 1038 in the amount of $51,000, written to LO's business, Solid Line Products |
| 13 | 02/02/2015 | Check number 1119 in the amount of $50,000, written to LO's wife, J.H. |

Each in violation of Title 18, United States Code, Section 1957.

<u>FORFEITURE ALLEGATION</u>:    (18 U.S.C. §§ 982(a)(1) & 982(a)(2) – Criminal Forfeiture)

29.    All of the allegations contained in this Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 982(a)(1) and 982(a)(2).

30.    Upon a conviction for the offenses alleged in Counts Two through Nine of this Indictment, the defendant,

HENRY LO,

shall forfeit to the United States pursuant to 18 U.S.C. § 982(a)(2) all property constituting, and derived from, proceeds the defendant obtained directly and indirectly, as the result of those violations, including, but not limited to, the following personal property:

   a.    the funds in the E-Trade 4544 Account held in the name of Henry LO;

   b.    the funds received through the sale of the real property located at 55 San Fernando Way, San Francisco, California; and

   c.    the funds received through the sale of the real property located at 540 Grove Street, Healdsburg, California.

31.    Upon a conviction for the offenses alleged in Counts Twelve and Thirteen of this Indictment, the defendant,

HENRY LO,

shall forfeit to the United States pursuant to 18 U.S.C. § 982(a)(1) any property, real and personal, involved in said violations, or any property traceable to such property, including but not limited to the following:

   a.    the funds in the E-Trade 4544 Account held in the name of Henry LO;

   b.    the funds received through the sale of the real property located at 55 San Fernando Way,

INDICTMENT                                7

1  San Francisco, California; and

2      c.    the funds received through the sale of the real property located at 540 Grove Street,
3  Healdsburg, California.

4      32.    If any of the aforementioned property, as a result of any act or omission of the
5  defendant –

6      a.    cannot be located upon the exercise of due diligence;
7      b.    has been transferred or sold to, or deposited with, a third person;
8      c.    has been placed beyond the jurisdiction of the Court;
9      d.    has been substantially diminished in value; or
10     e.    has been commingled with other property that cannot be divided without difficulty;
11 any and all interest the defendant has in other property shall be vested in the United States and
12 forfeited to the United States pursuant to 21 U.S.C. § 853p, as incorporated by 18 U.S.C. § 982(b)(1).

13     All in violation of Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States
14 Code, Section 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure.

16 DATED:                                  A TRUE BILL
17 7/21/15
18                                                               FOREPERSON

20 MELINDA HAAG
   United States Attorney

23 PHILIP A. GUENTERT
   Deputy Chief, Criminal Division

25 (Approved as to form: Waldinger )
                              AUSA WALDINGER

INDICTMENT                              8