# EXHIBIT 2

# United States District Court

### FOR THE
### NORTHERN DISTRICT OF CALIFORNIA

### VENUE: SAN FRANCISCO

FILED
2014 AUG 19 P 12:06
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

V.

WHO

## CR 14 442

HENRY LO

DEFENDANT(S).

## INDICTMENT

VIOLATIONS:
18 U.S.C. § 1343 – Wire Fraud; 18 U.S.C. § 1029(a)(2) – Fraudulent Use of an Unauthorized Access Device; 18 U.S.C. § 1341 – Mail Fraud; 18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461(c) – Criminal Forfeiture

A true bill.

_____ Foreman

Filed in open court this 19th day of August 2014.

_____ Clerk

Bail, $ Summons to be issued

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT ☐ SUPERSEDING

**OFFENSE CHARGED**

Counts 1-24: Wire Fraud (18 U.S.C. § 1343)
Count 25: Fraudulent Use of an Unauthorized Access Device (18 U.S.C. § 1029(a)(2))
Counts 26-29: Mail Fraud (18 U.S.C. § 1341)
Forfeiture Allegation: Criminal Forfeiture (18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461(c))

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: Cts 1-24/26-29 - 20 yrs imprisonment, 3 yrs supervised release, $250K fine or twice the gross gain/loss (whichever is greater), $100 special assessment, rest./forf.; Ct 25 - 10 yrs Imprisonment, 3 yrs supervised release, $250K fine or twice the gross gain/loss (whichever is greater), $100 special assessment, rest./forf.

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA

CR 14 442 WHO
(filed AUG 19 P 12:06, RICHARD W. WIEKING, CLERK U.S. DISTRICT COURT)

**DEFENDANT - U.S**

▶ HENRY LO

DISTRICT COURT NUMBER

**PROCEEDING**

Name of Complainant Agency, or Person (& Title, if any)
Federal Bureau of Investigation & Postal Inspection Service

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY ☐ DEFENSE

SHOW DOCKET NO.

☒ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form: MELINDA HAAG
☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned): Kyle F. Waldinger

**DEFENDANT**

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction } ☐ Federal ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☐ No } If "Yes" give date filed

DATE OF ARREST ▶ Month/Day/Year
Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☒ SUMMONS ☐ NO PROCESS* ☐ WARRANT    Bail Amount:

If Summons, complete following:
☒ Arraignment ☒ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: 09/5/2014, 9:30 a.m.    Before Judge: Spero

Comments:

1 | MELINDA HAAG (CABN 132612)
United States Attorney



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) CASE NO. CR 14 442 |
|---|---|
| Plaintiff, | ) VIOLATIONS: 18 U.S.C. § 1343 – Wire Fraud; 18 U.S.C. § 1029(a)(2) – Fraudulent Use of an Unauthorized Access Device; 18 U.S.C. § 1341 – Mail Fraud; 18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461(c) – Criminal Forfeiture |
| v. | |
| HENRY LO, | |
| Defendant. | |
| | ) SAN FRANCISCO VENUE |

INDICTMENT

The Grand Jury charges:

INTRODUCTORY ALLEGATIONS

At all times relevant to this Indictment:

1. The defendant, Henry LO, was an individual who resided in the City and County of San Francisco in the Northern District of California.

2. Absolutely New, Inc. ("ANI") was a consumer goods company headquartered in San Francisco. A predecessor company of ANI was Inventors' Publishing & Research ("IP&R").

3. From in or about 2007 to in or about September 2010, LO was employed by ANI. For most of that period, LO was ANI's Chief Financial Officer.

4. In or about September 2010, LO's employment with ANI was terminated. LO presented a letter to ANI dated September 21, 2010, resigning effective as of that date. On September 21, 2010,

INDICTMENT

LO signed a "Termination Checklist" acknowledging that he had returned all of ANI's property to ANI, including all company credit cards. ANI provided LO with his final paycheck that day, which reflected his regular earnings plus an additional payment for accrued time off.

5. After LO's employment with ANI was terminated, he was not authorized to access ANI's bank accounts for the purpose of obtaining funds, nor was he authorized to use any company credit cards (including any company debit cards) that had been issued to him.

6. LO also had a separately owned business, Solid Line Products. Solid Line Products was in the business of selling accessories for tablet computers and smart phones.

## MANNER AND MEANS OF THE SCHEME TO DEFRAUD ANI

7. Beginning no later than in or about January 2008, and continuing to in or about February 2012, the defendant LO knowingly and with the intent to defraud participated in, devised, and executed a scheme and artifice to defraud ANI as to a material matter and to obtain money and property from ANI by means of material false and fraudulent pretenses, representations, and promises, and by means of concealment of material facts. As set forth below, LO's scheme and artifice to defraud was wide-ranging and involved his use of several different methods to embezzle and steal more than $2,000,000 from ANI.

LO's Procurement and Deposit of Cashier's Checks Purchased with ANI Funds

8. From in or about January 2008 through in or about September 2010, LO caused ANI funds held in accounts at Union Bank and Bank of America (including accounts in the name of IP&R) to be used to purchase numerous cashier's checks.

9. In many instances, LO signed the ANI/IP&R company checks that were used to purchase these cashier's checks. The memo lines of such ANI/IP&R company checks often referenced either "EDD" (meaning the California Employment Development Department), "IRS" (meaning the U.S. Internal Revenue Service), or "San Francisco Tax Collector." These expenditures were accounted for in ANI's accounting records as payments to one of these three government entities.

10. In truth, LO took the cashier's checks that were purchased with ANI/IP&R funds and either deposited them into his personal account at the brokerage firm Charles Schwab & Co., Inc. ("Schwab") or used them to make payments on his personal line of credit at Wells Fargo Bank. LO was

INDICTMENT 2

1  not authorized by ANI to use any of these funds or cashier's checks in this way.  In all, LO obtained
2  cashier's checks consisting of ANI/IP&R funds totaling more than $1,300,000.
3  <u>LO's Online Transfers of ANI Funds to his American Express Account</u>
4        11.    LO controlled and used an American Express account numbered ending -1000 ("-1000
5  American Express Account").  In the years 2008 through 2012, online payments to this account were
6  processed by American Express computer servers located in the state of Arizona.
7        12.    In or about late 2010, LO obtained the ability to electronically access ANI's Union Bank
8  account numbered ending -3814 ("-3814 Account"), which account was domiciled in San Francisco.
9  After LO's employment with ANI was terminated in September 2010, LO was not authorized by ANI to
10  access the -3814 Account.
11        13.    In or about December 2010, and from in or about September 2011 to in or about February
12  2012, LO gained online access to the -3814 Account and directed that ANI funds from that account be
13  paid to LO's -1000 American Express Account.
14        14.    The payments that LO caused to be made to his American Express account from
15  ANI's -3814 Account totaled nearly $240,000.  LO caused these Union Bank transfers to his American
16  Express account to be recorded in ANI's accounting records as client refunds.
17        15.    The ANI funds that were transferred from ANI's -3814 Account to LO's American
18  Express account served to pay off charges that LO had incurred for personal and business expenses,
19  including but not limited to the following:
20            a.    Private school tuition in San Francisco for LO's children;
21            b.    Federal Express shipping fees incurred by LO's company, Solid Line Products;
22            c.    Gasoline;
23            d.    Hotel lodging;
24            e.    Dining and groceries;
25            f.    Air travel; and
26            g.    Payments to the online payment service PayPal.
27        16.    ANI did not authorize LO to take its funds to pay his personal and business expenses.
28  ///

INDICTMENT                                          3

Transfers of ANI Funds to LO's "Event Services" PayPal Account

17. From in or about January 2010 to in or about February 2012, LO also caused ANI to make payments totaling more than $550,000 to a PayPal account named "Event Services." The Event Services PayPal account was registered in LO's name, with his date of birth and Social Security number.

18. LO caused these payments to his Event Services PayPal account to be recorded in ANI's accounting records as payments related to ANI's tax obligations.

19. LO was not authorized by ANI to receive payments from ANI through his Event Services PayPal account in this fashion.

20. LO used these funds to pay his personal and business expenses. In addition, LO transferred more than $370,000 of these funds to his Bank of America account numbered ending -5195 ("-5195 Account"). Moreover, LO used ANI funds that had been transferred to his Event Services PayPal account to make payments to two ANI employees. One employee, S.W., received approximately $65,000 through transfers from LO's Event Services PayPal account between January 2010 and December 2011. Another employee, A.P., received approximately $40,000 through transfers from LO's Event Services PayPal account between December 2009 and July 2011. LO paid S.W. an additional amount of approximately $25,000 through checks from his Schwab and Bank of America accounts.

LO's Use of a Debit Card Linked to ANI's Bank of America Account

21. From no later than in or about September 2010 to in or about February 2012, LO used a debit card linked to ANI's Bank of America account numbered ending -5644 to pay his personal expenses, which card was numbered ending -9082 ("-9082 Debit Card"). These expenses included rent at an apartment in San Francisco, hotel lodging, and air travel. LO was not authorized by ANI to use the -9082 Debit Card to pay his personal expenses.

22. The charges that LO incurred on the -9082 Debit Card for rent, hotel lodging, and air travel totaled at least $30,000. LO caused these debit card charges to be recorded in ANI's accounting records as ANI company expenses.

///
///
///

INDICTMENT 4

1 COUNTS ONE THROUGH TWELVE: (18 U.S.C. § 1343 – Wire Fraud)

2     23.    The factual allegations in paragraphs 1 through 22, included those regarding the scheme to defraud in paragraphs 7 through 22, are re-alleged and incorporated herein as if set forth in full.

THE USE OF THE WIRES

    24.    On or about the dates listed in the separate counts below, in the Northern District of California and elsewhere, for the purpose of executing the aforementioned scheme and artifice to defraud and attempting to do so, the defendant,

HENRY LO,

did knowingly cause to be transmitted in interstate commerce, by means of a wire communication, certain writings, signs, and signals, specifically, electronic payments from ANI's -3814 Account in San Francisco, California, to LO's -1000 American Express Account, each payment processed through American Express's computer servers in the state of Arizona, as more specifically described below:

| COUNT | DATE | WIRE COMMUNICATION |
|---|---|---|
| 1 | 01/04/2011 | Electronic payment in the amount of $26,750.00 |
| 2 | 10/04/2011 | Electronic payment in the amount of $8,171.62 |
| 3 | 10/19/2011 | Electronic payment in the amount of $14,900.00 |
| 4 | 10/25/2011 | Electronic payment in the amount of $19,959.52 |
| 5 | 11/04/2011 | Electronic payment in the amount of $19,600.00 |
| 6 | 11/15/2011 | Electronic payment in the amount of $21,600.00 |
| 7 | 11/26/2011 | Electronic payment in the amount of $23,171.62 |
| 8 | 12/10/2011 | Electronic payment in the amount of $21,900.00 |
| 9 | 12/17/2011 | Electronic payment in the amount of $19,600.00 |
| 10 | 12/28/2011 | Electronic payment in the amount of $21,900.00 |
| 11 | 01/31/2012 | Electronic payment in the amount of $21,900.00 |
| 12 | 02/22/2012 | Electronic payment in the amount of $19,600.00 |

All in violation of Title 18, United States Code, Section 1343.

COUNTS THIRTEEN THROUGH TWENTY-FOUR: (18 U.S.C. § 1343 – Wire Fraud)

    25.    The factual allegations in paragraphs 1 through 22, included those regarding the scheme to defraud in paragraphs 7 through 22, are re-alleged and incorporated herein as if set forth in full

THE USE OF THE WIRES

    26.    On or about the dates listed in the separate counts below, in the Northern District of

INDICTMENT                   5

1 | California and elsewhere, for the purpose of executing the aforementioned scheme and artifice to
2 | defraud and attempting to do so, the defendant,

3 | <center>HENRY LO,</center>

4 | did knowingly cause to be transmitted in interstate commerce, by means of a wire communication,
5 | certain writings, signs, and signals, specifically, electronic transfers of funds from the Event Services
6 | PayPal account to LO's -5195 Account in San Francisco, California, each transfer processed through
7 | Bank of America's computer servers in the state of Texas, as more specifically described below:

| COUNT | DATE | WIRE COMMUNICATION |
|---|---|---|
| 13 | 01/26/2010 | Transfer in the amount of $2,000.00 |
| 14 | 09/11/2010 | Transfer in the amount of $6,500.00 |
| 15 | 11/26/2010 | Transfer in the amount of $8,500.00 |
| 16 | 11/30/2010 | Transfer in the amount of $8,200.00 |
| 17 | 12/15/2010 | Transfer in the amount of $7,500.00 |
| 18 | 12/31/2010 | Transfer in the amount of $9,400.00 |
| 19 | 01/05/2011 | Transfer in the amount of $7,150.00 |
| 20 | 01/23/2011 | Transfer in the amount of $7,500.00 |
| 21 | 04/21/2011 | Transfer in the amount of $6,100.00 |
| 22 | 10/26/2011 | Transfer in the amount of $7,000.00 |
| 23 | 11/03/2011 | Transfer in the amount of $10,000.00 |
| 24 | 02/21/2012 | Transfer in the amount of $5,000.00 |

17 | All in violation of Title 18, United States Code, Section 1343.

18 | <u>COUNT TWENTY-FIVE</u>:   (18 U.S.C. § 1029(a)(2) – Fraudulent Use of an Unauthorized Access
19 |                                                  Device)

20 | 27.   The factual allegations in paragraphs 1 through 22 are re-alleged and incorporated herein
21 | as if set forth in full.

22 | 28.   From no later than in or about September 2010 to in or about February 2012, in the
23 | Northern District of California and elsewhere, the defendant,

24 | <center>HENRY LO,</center>

25 | did knowingly and with the intent to defraud use an unauthorized access device, specifically, the -9082
26 | Debit Card, to obtain things of value aggregating at least $1,000 within a one-year period, and, in so
27 | doing, affected interstate commerce, in violation of Title 18, United States Code, Section 1029(a)(2).
28 | ///

INDICTMENT                                                6

COUNTS TWENTY-SIX THROUGH TWENTY-NINE: (18 U.S.C. § 1341 – Mail Fraud)

29. The factual allegations in paragraphs 1 through 22, 24, 26, and 28 are re-alleged and incorporated herein as if set forth in full.

### MANNER AND MEANS OF THE SCHEME TO DEFRAUD A.W.

30. Beginning in or about March 2013, and ending in or about June 2013, the defendant LO knowingly and with the intent to defraud participated in, devised, and executed a scheme and artifice to defraud the individual A.W. as to a material matter and to obtain money and property from A.W. by means of material false and fraudulent pretenses, representations, and promises, and by means of concealment of material facts, which scheme and artifice is summarized in the paragraphs below.

31. Sometime after February 2012, ANI's officers and contract accountants discovered LO's misappropriation and theft of funds from ANI. In October 2012, ANI's lender, Square 1 Bank, sued LO and ANI in the United States District Court for the Northern District of California. Square 1 Bank's complaint sought restitution and damages from LO individually in the amount of no less than $1,750,617, as well as damages from LO and ANI collectively in the amounts of no less than $985,672 and as much as $4,612,310.63. In the face of this lawsuit, LO formulated a scheme to defraud the individual A.W.

32. A.W. resided in the City and County of San Francisco in the Northern District of California. LO had entered into a romantic relationship with A.W. in or about late 2010. LO told A.W. that he was an accountant, and he offered to prepare A.W.'s income tax returns.

33. In or about March 2013, LO told A.W. that he was filing an extension request on behalf of A.W. for A.W.'s 2012 taxes, but that A.W. still had to pay the IRS the estimated taxes that A.W. owed. LO then induced A.W. to write several checks to Schwab. LO did so by explaining to A.W. that he was creating a "pass through" account at Schwab through which he would forward A.W.'s funds to the IRS.

34. After LO obtained from A.W. the checks made payable to Schwab, LO deposited those checks into a Schwab account in the name of LO's wife, "J.H.," numbered ending -9183.

35. It was part of the scheme to defraud that, after LO deposited A.W.'s checks into J.H.'s Schwab account, he caused forged and fraudulent confirmation statements falsely purporting to originate

INDICTMENT 7

from Schwab to be mailed through the U.S. Postal Service to A.W. in San Francisco. The confirmation statements falsely purported to confirm that Schwab both had "received and processed your authorization to move money out of your account" and had electronically transferred funds in specified amounts to the IRS on A.W.'s behalf. LO's purpose in causing these mailings was to induce A.W. to make additional payments to him, to lull A.W. into believing that the checks A.W. provided to LO were being used to pay A.W.'s tax obligations, and to delay or to prevent detection of LO's scheme to defraud A.W.

36. After causing forged and fraudulent confirmation statements to be mailed to A.W., LO then induced A.W. to provide him with additional checks made payable to Schwab for the alleged purpose of paying A.W.'s tax obligations. In all, between March 2013 and June 2013, LO obtained checks from A.W. made payable to Schwab totaling more than $125,000.

## THE USE OF THE MAILS

37. On or about the dates listed in the separate counts below, in the Northern District of California and elsewhere, for the purpose of executing the aforementioned scheme and artifice to defraud A.W. and attempting to do so, the defendant,

HENRY LO,

did knowingly cause to be delivered by the U.S. Postal Service according to the direction thereon mail matter containing correspondence addressed to A.W., which correspondence falsely purported to have originated from Schwab, as more specifically described below:

| COUNT | DATE | ITEM MAILED |
|---|---|---|
| 26 | 04/02/2013 | Statement purporting to confirm Schwab's wire transfer of $50,000.00 to the IRS on behalf of A.W. |
| 27 | 04/26/2013 | Statement purporting to confirm Schwab's wire transfer of $18,000.00 to the IRS on behalf of A.W. |
| 28 | 05/24/2013 | Statement purporting to confirm Schwab's wire transfer of $12,776.54 to the IRS on behalf of A.W. |
| 29 | 06/14/2013 | Statement purporting to confirm Schwab's wire transfer of $45,000.00 to the IRS on behalf of A.W. |

All in violation of Title 18, United States Code, Section 1341.

///

///

INDICTMENT                                                            8

**FORFEITURE ALLEGATION:** (18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461(c) – Criminal Forfeiture)

38. All of the allegations contained in this Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

39. Upon a conviction for the offenses alleged in Counts One through Twenty-Nine of this Indictment, the defendant,

HENRY LO,

shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) all property constituting, and derived from, proceeds the defendant obtained directly and indirectly, as the result of those violations, including, but not limited to, the following real property or personal property:

   a. 55 San Fernando Way, San Francisco, California;
   b. the funds in the Charles Schwab account held in the name of Henry LO, numbered ending -0644;
   c. the funds in the Charles Schwab account held in the name of Henry LO, numbered ending -9414;
   d. the funds in the Charles Schwab account held in the name of Henry LO, numbered ending -1172;
   e. the funds in the Charles Schwab account held in the name of J.H. (Henry LO's wife), numbered ending -9183;
   f. the funds in the Bank of America account held in the name of Henry LO, numbered ending -5195; and
   g. the funds in the PayPal account named Event Services.

40. If any of the aforementioned property, as a result of any act or omission of the defendant –
   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third person;
   c. has been placed beyond the jurisdiction of the Court;

INDICTMENT                              9

1  d.  has been substantially diminished in value; or

2  e.  has been commingled with other property that cannot be divided without difficulty;

any and all interest the defendant has in other property shall be vested in the United States and forfeited to the United States pursuant to 21 U.S.C. § 853p, as incorporated by 18 U.S.C. § 982(b)(1).

All in violation of Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure.

DATED:                                                    A TRUE BILL

8/19/14

_____
FOREPERSON

MELINDA HAAG
United States Attorney

_____
J. DOUGLAS WILSON
Chief, Criminal Division

(Approved as to form: _____)
AUSA WALDINGER

INDICTMENT                                10